**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                                        **CRIMINAL ACTION NO. 3:14-CR-05-03
(JUDGE GROH)**

**MARCEL EDMONDS,**

    Defendant.

## **ORDER DENYING DEFENDANT'S MOTION TO SEVER, MOTION TO SUPPRESS, AND MOTION TO DISMISS INDICTMENT**

This matter is now before the Court for consideration of Defendant Marcel Edmond's "Motion to Sever" [Doc. 45], "Motion to Suppress Statement," and "Motion to Dismiss Indictment" [Doc. 48]. For the following reasons, the pending motions are **DENIED**.

First, on March 6, 2014, Defendant moved to sever the counts and Defendants. Rule 14 of the Federal Rules of Criminal Procedure provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . , the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The district court's grant or denial of a motion to sever lies within its sound discretion. United States v. Becker, 585 F.2d 703, 706 (4th Cir. 1978). In this case, Defendant Edmonds' three co-defendants have all accepted a plea. Indeed, in Defendant's "Supplement to Motion to Sever," he acknowledged that "his severance has now been accomplished in a *de facto* manner." Therefore, there are no remaining defendants to sever. Accordingly, Defendant's motion to sever is **DENIED AS**

**MOOT**.

Second, Defendant acknowledges, by a "Joint Notice of the Absence of the Need for the Motions Hearing," that an alleged statement initially attributed to Defendant was in error and has now been corrected. Therefore, the Motion to Suppress is no longer valid as the statement it was seeking to suppress was not Defendant's statement. Accordingly, Defendant's "Motion to Suppress" is **DENIED AS MOOT**.

Third, Defendant moves to dismiss the Indictment in this matter on the grounds that the "discovery provided does not conform to the dates within the Indictment." Def.'s Mot. to Suppress, p. 2. The United States argues that the Indictment is sufficient because it tracks the language of the statute.

Federal Rule of Criminal Procedure 7 provides that the Indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1). "One of the principal purposes of an indictment is to apprise the accused of the charge or charges leveled against him so he can prepare his defense." United States v. Fogel, 901 F.2d 23, 25 (4th Cir. 1990). The Fourth Circuit Court of Appeals has stated that "[t]o pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998) (citing United States v. Sutton, 961 F.2d 476, 479 (4th Cir. 1992)).

An indictment is generally sufficient if it tracks the words of the statute itself and

includes "a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." Hamling v. United States, 418 U.S. 87, 117-18 (1974) (quoting United States v. Hess, 124 U.S. 483, 487 (1888)). In analyzing the sufficiency of an indictment, a court will look "at the contents of the subject indictment, 'on a practical basis and in [its] entirety, rather than in a hypertechnical manner.'" United States v. McLeczynsky, 296 F.3d 634, 636 (7th Cir. 2002) (quoting United States v. Smith, 230 F.3d 300, 305 (7th Cir. 2000)).

In this case, Corporal Bean, after an interview with Defendant, memorialized the information in a "Memo to File" dated November 12, 2013. In that memo to file, Corporal Bean incorrectly noted the date he authored the memo as November 12, 2013 instead of November 12, 2012. Also, Corporal Bean incorrectly wrote that "Marcell Edmonds was buy/busted at the Sheets in Spring Mills on 01/27/13." However, Corporal Bean states that the date should have been January 27, 2012. As pointed out by the United States, Corporal Bean's correction that the controlled buy and subsequent bust occurred on January 27, 2012 is corroborated by the fact that the purchased/seized narcotics from the events at Sheetz were submitted to the Drug Enforcement Agency ("DEA") on January 30, 2012 and analyzed by the DEA on April 30, 2012. Therefore, the Indictment is sufficient and corroborates with the discovery provided by the United States. Accordingly, Defendant's "Motion to Dismiss Indictment" is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: April 1, 2014

/s/ Gina M. Groh
GINA M. GROH
UNITED STATES DISTRICT JUDGE